# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DAVID A. WILLIAMS,
          Plaintiff,

v.

GARY MOHR,

          Defendant.

Case No. 2:17-CV-1000
JUDGE ALGENON L. MARBLEY
Magistrate Judge Jolson

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff David A. Williams, a *pro se* prisoner, filed a Motion for Leave to Proceed *in forma pauperis* on November 15, 2017. (Doc. 1). Pursuant to 28 U.S.C. § 1915(a), that Motion is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. However, as explained below, the Court concludes this action cannot proceed.

Because Plaintiff is a prisoner seeking redress from the government, this Court must conduct an initial screening pursuant to 28 U.S.C. § 1915A(a). The Court must dismiss the Complaint if it determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) ("[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers...."); *Thompson v. Kentucky*, 812 F.2d 1408, No. 86-5765, 1987 WL 36634, at *1 (6th Cir. 1987) ("Although *pro se* complaints are to be construed liberally, they still must set forth a cognizable federal claim." (citation omitted)). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). Applying those standards here, the Undersigned **RECOMMENDS DISMISSAL**.

I. **BACKGROUND**

Plaintiff filed the instant action against Gary Mohr, the Director of the Ohio Department of Rehabilitation and Corrections ("ODRC") in his individual and official capacity seeking injunctive relief and compensatory damages for the conditions of his confinement. (*See* Doc. 1-2). Plaintiff's sixty-four page complaint asserts constitutional claims emanating principally from his contention that he was wrongfully convicted in the Montgomery Court of Common Pleas for the kidnapping and felonious assault of an incompetent individual under the age of thirteen. (*See, e.g.*, *id.* at ¶¶ 7, 13). Plaintiff states that "Defendant Gary C. Mohr of ODRC knowingly accept[s], tak[es] in and detain[s] [him] and other human beings forcefully for crimes and offenses that simply are not true, taking detainees (human beings) on a Corporate Conveyor Belt ride which has caused and is still causing a chain of serious neglect, abuse of discretion, deliberate indifference, irreparable harm and a Medical and Mental Health condition of physical functioning that cannot be replaced or restored." (*Id.* at 57, PAGEID #: 67). Plaintiff explains that "when you go to prison for crimes against a child it puts a target on your back with inmates and staff and you become a free for all." (*Id.* at ¶ 13).

Plaintiff claims that, as a result of this wrongful conviction, he has experienced "theft, assault, slander, libel, defamation of character, mental anguish," verbal abuse, and being "set up with a shank by a high ranking white supremacist" who threatened to have him sent to another prison to be raped and killed. (*Id.* at ¶¶ 14, 21.1). Plaintiff states that these circumstances cause him to suffer extreme anxiety and depression, manifesting in him "urinat[ing] with no control….." (*Id.*). He utilizes the institution's medical and mental health services to treat his

conditions. (*Id.* at ¶¶ 26, 32). Plaintiff also alleges that he was "discriminated against for his cultural, religious haircut…" (*Id.* at ¶ 15). Plaintiff contends that he cut his hair and sent it home after unnamed "staff" said they "would throw him in the hole if [his hair] was not cut by tomorrow." (*Id.*).

Although not entirely clear, Plaintiff claims there are numerous impediments to pursuing a claim in prison. According to Plaintiff, those impediments include "fines and court costs" and providing a kiosk computer for grievance paperwork that is "out in the open in front of bad inmates and bad staff for all to see." (*Id.* at ¶¶ 7.2–7.3; *see also id.* at ¶ 7.3 (stating that the kiosk allows "bad gangster code inmates and bad staff to see, which causes safety and security problems")). Plaintiff also complains that the time limit on the kiosk computer is too restrictive for inmates with limited education and mental and physical disabilities; the staff pretends to know nothing (or in fact knows nothing) about the grievance process; and the grievance forms "are hard to come by because most staff is against it and makes retaliation imminent…." (*Id.* at ¶¶ 7.3, 24, 35).

Specific to this case, Plaintiff explains that he "was told by prison staff that there is no complaint or grievance procedure for filing to the director's office, against Defendant Gary C. Mohr…." (*Id.* at ¶ 35). Hence, Plaintiff explains that he completed the grievance process "to the best of his knowledge and resources." (*Id.* at ¶ 17). Plaintiff adds that, if his actions in doing so were inadequate, "it is through no fault of [his] own." (*Id.* at ¶ 17, 35). Finally, Plaintiff notes that he received "no answers back" to his complaints. (*Id.* at ¶ 24).

## II. DISCUSSION

As an initial matter, to the extent that Plaintiff may be attempting to bring his complaint concerning conditions of confinement on behalf of others, he is prohibited from doing so. *Corn*

3

*v. Sparkman*, No. 95-5494. 1996 WL 185753, at *1 (6th Cir. Apr. 17, 1996) ("A prisoner cannot bring claims on behalf of other prisoners."); *Proctor v. Applegate*, No. 07-12414, 2008 WL 2478331, n.3 (E.D. Mich. June 16, 2008) ("It is well-established that plaintiff Proctor may only represent himself with respect to his individual claims, and may not act on behalf of other prisoners."). Additionally, to the extent that Plaintiff may be attempting to challenge the lawfulness of his state court conviction, he may not do so in this civil rights case. As the United States Supreme Court explained in *Heck v. Humphrey*, 512 U.S. 477, 480 (1994), "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release…." *Id*.

Turning to Plaintiff's complaints about the grievance process, "there is no constitutional right to a grievance procedure and a state's … creation of such a procedure does not create a federal constitutional right to one." *Matheson v. Gentry*, No. 2:05-cv-70, 2005 WL 1458058, at *2 (E.D. Tenn. June 20, 2005*); see also Pittman v. Kolb*, No. 07-14892, 2008 WL 183588, at *2 (E.D. Mich. Jan. 18, 2008) ("There is no constitutional right to grievance procedures, nor does the Constitution protect access to any such procedures voluntarily established by the states.").

Further, even if Plaintiff could set forth a claim against Defendant on that basis, the Eleventh Amendment bars official capacity claims for money. *See, e.g.*, *Younker v. Mohr*, No. 2:13–cv–1116, 2013 WL 6493541, at *3 (S.D. Ohio Dec. 10, 2013). As for the individual capacity claims, Defendant may not be held liable as a supervisor unless Plaintiff demonstrates that he encouraged specific incidents of misconduct or in some other way directly participated in them. *Combs v. Wilkinson*, 315 F.3d 548, 557 (6th Cir. 2002); *see also, e.g.*, *Anderson v. Mohr*, 2:15-cv-2798, 2015 WL 7012799, at *2 (S.D. Ohio Nov. 12, 2015) (noting that a "failure to prevent constitutional violations is insufficient to hold a supervisor liable" and plaintiff "must

4

allege that they did more than play a passive role in the alleged violations or show mere tacit approval of the actions of their subordinates"). Because Plaintiff fails to make such allegations here, his claim fails. *See Younker*, 2013 WL 6493541, at *3 (noting that individual capacity claims fail where there is insufficient factual content or context from which the Court could reasonably infer that Defendant Mohr was personally involved in any violation of plaintiff's rights); *Mobley v. Mohr*, No. 2:11-cv-186, 2011 WL 1002174, at *2 (S.D. Ohio Mar. 16, 2011) ("Under § 1983, absent direct personal involvement in an alleged constitutional deprivation, a state official cannot be held liable.").

In any event, Plaintiff's complaint fails to contain sufficient factual matter to state a claim to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678. More specifically, Plaintiff claims to have experienced theft, assault, slander, libel, defamation, verbal abuse including threats, but he offers no detail to support those allegations. Similarly, Plaintiff alleges that he was discriminated against for his cultural, religious haircut, but this is nothing more than a "naked assertion devoid of further factual enhancement." *Id*. (citation and alteration omitted). Based on the foregoing, the instant case cannot proceed, and Plaintiff's Motion for Appointment of Counsel is **DENIED** (Doc. 2)

## III. CONCLUSION

For the reasons stated, it is **RECOMMENDED** that Plaintiff's complaint (Doc. 1-2) be **DISMISSED**. His Motion for Appointment of Counsel is **DENIED** (Doc. 2).

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:  November 22, 2017	/s/ Kimberly A. Jolson
	KIMBERLY A. JOLSON
	UNITED STATES MAGISTRATE JUDGE