# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DAVID A. WILLIAMS, : | |
| : | Case No. 2:17-cv-01000 |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Jolson |
| GARY C. MOHR, : | |
| : | |
| **Defendant.** : | |

## OPINION & ORDER

### I. INTRODUCTION

This is a civil rights action brought under 42 U.S.C. § 1983 by Plaintiff David A. Williams, an inmate at the Correctional Reception Center in Orient, Ohio, against Defendant Gary C. Mohr, Director of the Ohio Department of Rehabilitation and Corrections ("ODRC"), in both his official and individual capacities. This matter is before the Court on the Magistrate Judge's November 22, 2017 Report and Recommendation (R&R), which granted Mr. Williams' motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), recommended that Mr. Williams' Motion for Appointment of Counsel (ECF No. 2) be denied, and recommended that the Complaint (ECF No. 3) be dismissed for failure to state a claim upon which relief may be granted. (ECF No. 4). Upon independent review by the Court, and for the reasons set forth below, the Court **ADOPTS** the Report and Recommendation and **DISMISSES** the case.

### II. BACKGROUND

On November 15, 2017, Mr. Williams filed his Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights and the Universal Declaration of Human Rights.

1

(ECF No. 3). The Complaint requests declaratory, monetary, and injunctive relief, as well as a jury trial. (ECF No. 3 at 48–63).

Mr. Williams advances a number of claims, chief of which is that he is being illegally detained following his conviction of kidnapping and felonious assault. (ECF No. 3 at 4). Mr. Williams also appears to argue that the prison grievance procedure available to him is inadequate, at least partly because he has submitted proof of his innocence to Mr. Mohr, yet his incarceration continues. (ECF No. 3 at 4). In addition, Mr. Williams contends that he has suffered irreparable harm to his mental health as a result of Mr. Mohr knowingly allowing his incarceration to continue. (ECF No. 3 at 5–6). Moreover, Mr. Williams contends that Mr. Mohr is attempting to obstruct his and other inmates' abilities to submit grievances because grievances must be submitted on a kiosk computer that is out in the open. His contention is that this arrangement puts pressure on inmates not to file grievances because other inmates and staff can see those using the kiosk. (ECF No. 3 at 9–10). Finally, he contends that he was discriminated against for his "cultural, religious haircut." (ECF No. 3 at 14). He alleges that prison staff threatened put him in solitary confinement if he refused to cut it. (ECF No. 3 at 14).

On November 22, 2017, the Magistrate Judge issued a Report and Recommendation granting Mr. Williams' motion to proceed *in forma pauperis*, denying Mr. Williams' motion for appointment of counsel, and dismissing Mr. Williams' complaint. (ECF No. 4).

On December 4, 2017, Mr. Williams filed his Objection. (ECF No. 12). Therein, Mr. Williams attempted to amend his complaint by adding a *Bivens* claim and add the United States as a Defendant. (ECF No. 12 at 1). The Objection also mentioned Mr. Williams' request for production of documents, re-stated much of the content of the Complaint, and requested that the Court proceed with this case despite the R&R. (ECF No. 12).

Mr. Williams also filed six motions after he filed his Objection. First, Mr. Williams filed a motion which the Court construes as a motion for a court order to show cause why preliminary and permanent injunctions against Mr. Mohr should not be entered. (ECF No. 6). Second, Mr. Williams filed a Motion to Verify that Court Received Whole Complaint. (ECF No. 9). Third, Williams filed a Motion for Appointment of Counsel. (ECF No. 13). Fourth, Mr. Williams moved for an order compelling Mr. Mohr to respond to Mr. Williams' interrogatories and requests for production of documents. (ECF No. 20). Fifth, Mr. Williams moved for another order to show cause. (ECF No. 27). In this motion, he seeks an injunction prohibiting retaliation against him by preventing Mr. Mohr from replacing staff members Mr. Williams likes with those he does not like, and by preventing Mr. Mohr from transferring Mr. Williams to a different cell or housing unit. Finally, Mr. Williams filed a Motion for Default Judgment for Mr. Mohr's failure to appear or plead. (ECF No. 30).

### III. LAW AND ANALYSIS

#### A. Standard of Review

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).

The Court first addresses whether de novo review is required in this case. Not all objections are entitled to such review; only objections that are specific trigger the requirement. *Mira v. Marshall,* 806 F.2d 636, 637 (6th Cir. 1986) (noting that "[t]he parties have the duty to pinpoint

these portions of the Magistrate Judge's report that the district court must specially consider"); *Cole v. Yukins*, 7 F. App'x 354, 356, (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *Anderson v. Cty. of Hamilton*, 780 F. Supp. 2d 635, 642 (S.D. Ohio 2011) (citation omitted) ("[T]here is no requirement for a district court to review aspects of a magistrate judge's report where a party has failed to make specific objections."). Indeed, "[a] general objection to the entirety of the Magistrate Judge's report has the same effect as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections that dispute the Magistrate Judge's recommendation, but fail to specify the findings that the objector believes are in error, are "too summary in nature." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). However, "[t]he requirement for specific objections to a magistrate's report is not jurisdictional and a failure to comply may be excused in the interest of justice." *Kelly v. Withrow*, 25 F.3d 363, 366 (6th Cir. 1994) (citing *Kent v. Johnson*, 821 F.2d 1220, 1222–23 (6th Cir. 1987)).

Mr. Williams did not raise any specific objections to the R&R, with the possible exception that he requested that the Court "accept, modify, in whole or in part with these instructions *proceeding with the many claims that were not addressed in report and recommendation that still support prayer for relief.*" (ECF No. 12 at 4) (italics added). Although such language is vague, it can be construed liberally as a specific objection to the Magistrate Judge's finding that Mr. Williams' Complaint should be dismissed. No objection was made to the Magistrate Judge's denial of Mr. Williams' motion for appointment of counsel. The Objection also attempts to amend the Complaint to add the United States as a Defendant if need be. (ECF No. 12 at 1). Accordingly, the Court will review *de novo* whether the Magistrate Judge properly concluded that Mr. Williams'

4

Complaint should be dismissed, considering the issues as presented in the R&R and any relevant issues not addressed therein. The Court will also evaluate Mr. Williams' attempt to amend his complaint.

### B. Initial Screening

The Magistrate Judge properly undertook an initial screening of Mr. Williams' Complaint. Where the plaintiff is a prisoner who "seeks redress from a governmental entity or officer or employee of a governmental entity[,]" the Court is required to review the plaintiff's complaint before docketing it, if feasible, or as soon as practicable after docketing. 28 U.S.C. § 1915A(a). On review, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Similarly, proceedings *in forma pauperis* require that a court dismiss the case at any time upon determining that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, 28 U.S.C. § 1915A(a) applies because Mr. Williams seeks redress from Mr. Mohr in his individual and official capacities. For that reason, the Court must review Mr. Williams' Complaint as soon as practicable to identify cognizable claims or dismiss the complaint. Likewise, because the Magistrate Judge granted Mr. Williams' request to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2) requires that the Court review Mr. Williams' Complaint and dismiss the case upon determining that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

5

The Magistrate Judge applied the correct standard in determining that Mr. Williams' Complaint should be dismissed for failure to state a claim. *See* (ECF No. 4 at 1–2). To avoid dismissal, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Nonetheless, pro se complaints "still must set forth a cognizable federal claim." *Thompson v. Commonwealth of Ky.*, 812 F.2d 1408, No. 86-5765, 1987 WL 36634, at *1 (6th Cir. 1987) (citing *Nickens v. White*, 546 F.2d 802 (8th Cir. 1976)).

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege that: (1) he was deprived of a right secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law." *LaFlame v. Montgomery Cty. Sheriff's Dept.*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978)).

In conducting an initial screening, the Magistrate Judge addressed the Complaint in several parts. The Court reviews *de novo* the Magistrate Judge's findings as to each part before considering any claims not addressed in the R&R.

### 1.    Claims on Behalf of Others

In screening the Complaint, the Magistrate Judge concluded that "to the extent Plaintiff may be attempting to bring his complaint concerning conditions of confinement on behalf of others, he is prohibited from doing so." (ECF No. 4 at 3). The Court agrees.

While it is unclear whether Mr. Williams is attempting to bring his complaint on behalf of other prisoners, the Complaint at times suggests that he may be. *See, e.g.*, (ECF No. 1 at 6–10). For instance, Mr. Williams alleged that Mr. Mohr is knowingly allowing him and other persons to be detained on false charges. (ECF No. 3 at 6–7). He also alleged that Mr. Mohr is obstructing his and other inmates' abilities to fight their cases while incarcerated. (ECF No. 3 at 7). To the extent these allegations make any claims on behalf of other prisoners, Mr. Williams lacks standing to do so. *See Corn v. Sparkman*, No. 95-5494, 1996 WL 185753, at *1 (6th Cir. Apr. 17, 1996).

### 2.    Challenge to Conviction

The Magistrate Judge determined that that "to the extent that Plaintiff may be attempting to challenge the lawfulness of his state court conviction, he cannot do so in this civil rights case." (ECF No. 4 at 4). A plaintiff cannot apply to a federal district court to "obtain review of a case litigated and decided in state court as only the United States Supreme Court has jurisdiction to correct state court judgments." *Parker v. Phillips*, 27 F. App'x 491, 494 (6th Cir. 2001). Moreover, as noted in the R&R, (ECF No. 4 at 4), "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release[.]" *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–490 (1973)). Claims for injunctive relief challenging the fact of conviction or the duration of confinement "fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Despite the Court's obligation

to construe pro se pleadings liberally, the Court has no affirmative duty to recharacterize Mr. Williams' § 1983 complaint as a habeas corpus petition. *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011).

Here, the Court declines to do so. Mr. Williams explicitly brought this action under § 1983. (ECF No. 3 at 1). In addition, before he could file a habeas action, Mr. Williams would have been required to seek redress in a state forum. *See Heck v. Humphrey*, 512 U.S. 477, 480–81 (1994) ("The federal habeas corpus statute . . . requires that state prisoners first seek redress in a state forum.") (citing *Rose v. Lundy*, 455 U.S. 509 (1982)) (footnote omitted). The fact that Mr. Williams has not demonstrated that he exhausted any available state remedies prior to bringing this action further persuades the Court that recharacterizing Mr. Williams' Complaint would be improper.

### 3. Grievance Process

The Court agrees with the Magistrate Judge's finding that Mr. Williams' claims surrounding the prison grievance process are of no avail. A plaintiff "cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate because there is no inherent constitutional right to an effective prison grievance procedure." *LaFlame,* 3 F. App'x at 348 (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)).

### 4. Individual Capacity Claims

As noted in the R&R, "Defendant may not be held liable as a supervisor unless Mr. Williams demonstrates that he encouraged specific incidents of misconduct or in some other way directly participated in them." (ECF No. 4 at 4) (citing *Combs v. Wilkinson*, 315 F.3d 548, 557 (6th Cir. 2002)). Because Mr. Williams made no allegations that Mr. Mohr took such actions or did any more than play a passive role in any alleged violations, (ECF No. 4 at 4) (citation omitted), Mr. Williams' claims against Mr. Mohr in his individual capacity fail.

### 5. Official Capacity Claims for Money

The Magistrate Judge correctly concluded that Mr. Williams cannot bring a claim for money damages against Mr. Mohr in his official capacity. (ECF No. 4 at 4) (citing *Younker v. Mohr*, No. 2:13–cv–1116, 2013 WL 6493541, at *3 (S.D. Ohio Dec. 10, 2013)). As the Sixth Circuit has observed, "[s]tate agencies, including corrections departments and defendants in their official capacities, cannot be sued for monetary damages without the state's consent, pursuant to the Eleventh Amendment." *Walker v. Michigan Dept. of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005).

### 6. Insufficient Factual Allegations

Finally, the Magistrate Judge concluded that "[i]n any event, Plaintiff's complaint fails to contain sufficient factual matter to state a claim to relief that is plausible on its face." (ECF No. 4 at 5) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Specifically, the Magistrate Judge discussed two sets of claims made by Mr. Williams: (1) that he "experienced theft, assault, slander, libel, defamation, [and] verbal abuse including threats," and (2) that he was discriminated against for "his cultural, religious haircut." (ECF No. 4 at 5). The Court finds, as did the Magistrate Judge, that Mr. Williams did not include sufficient factual detail to support his allegations.

Even construing liberally the claims of theft, assault, slander, libel, defamation, and verbal abuse including threats, these are legal conclusions asserted with little-to-no factual allegations in support of those conclusions. *See Iqbal*, 556 U.S. at 678. The Complaint also included insufficient factual detail to state claim a for relief with respect to Mr. Williams' contention that he was discriminated against because of his religious haircut. The Complaint alleged that Mr. Williams was told by one or more unidentified prison staff members that they would "throw him in the hole" if he did not cut his hair. But the suit only alleges claims against Mr. Mohr, and "[a] supervisory

official may not be held liable under § 1983 for the misconduct of those the official supervises unless the plaintiff demonstrates that 'the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002) (quoting *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984)). Mr. Williams alleged no facts that Mr. Mohr encouraged or in any way directly participated in any such threats. In fact, Mr. Williams did not even "'[a]t a minimum . . . show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Id.* at 558 (quoting *Hays v. Jefferson Cty.*, 668 F.2d 869, 874 (6th Cir. 1982)). Even accepting as true Mr. Williams' allegations that his hair had religious significance and that unidentified prison staff members threatened put him in solitary confinement if he did not cut his it, he has not alleged sufficient factual detail with respect to Mr. Mohr's involvement. Accordingly, he has failed to state a claim upon which relief can be granted pursuant to § 1983 on this issue.

### C. Plaintiff's Attempt to Amend Complaint

Mr. Williams' Objection also functions at least in part as an attempt to amend the complaint. Mr. Williams sought to add a *Bivens* claim and a Federal Tort Claims Act claim pursuant to 28 U.S.C. § 1346. (ECF No. 12 at 1). Additionally, he sought to add United States as Defendant. (ECF No. 12 at 1).

Federal Rule of Civil Procedure 15(a) provides, in relevant part, that a party may amend its pleading once as a matter of course within 21 days after serving it. "Rule 15(a) gives plaintiffs an 'absolute right' to amend a complaint before a responsive pleading is served[.]" *Broyles v. Corr. Medical Servs., Inc.*, No. 08–1638, 2009 WL 3154241, at *3 (6th Cir. Jan. 23, 2009) (citation omitted). Assuming, for the sake of argument, that Mr. Williams properly amended his complaint, the Court cannot allow Mr. Williams' case to proceed. The amended complaint would remain

subject to screening under 28 U.S.C. § 1915A(a) and 1915(e)(2). Further, upon initial review, it would fail to state a claim upon which relief may be granted under 28 U.S.C. § 1983, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), or under the Federal Tort Claims Act. Mr. Williams' amendment sets forth no additional factual content. It would neither cure the deficiencies of the original complaint nor allow the court to draw the reasonable inference that Mr. Mohr, the United States, or any other currently unidentified defendant is liable for any misconduct alleged. Accordingly, even if Mr. Williams' Objection can be properly construed as in part an amendment to the complaint, it should be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

### D. Plaintiff's Remaining Motions

In addition to the above, Mr. Williams filed eight motions: Order to Show Cause for an Preliminary & Permanent Injunction (ECF No. 6); Motion to Verify that Court Received Whole Complaint (ECF No. 9); Motion for Appointment of Counsel (ECF No. 13); Motion for an Order Compelling Discovery from Defendant (ECF No. 20); Order to Show Cause for an Preliminary Injunction & a Temporary Restraining Order Pursuant to Declaration for Orders (ECF No. 27); and Motion for Default Judgment (ECF No. 30); Motion to Produce Copies of Filings (ECF No. 36); and Motion to Appoint Counsel (ECF No. 37). Because the Court here adopts the R&R dismissing Mr. Williams' Complaint, all eight motions are **DENIED AS MOOT**.

### III. CONCLUSION

For the reasons set forth above, the Court hereby **ADOPTS** the Report and Recommendation (ECF No. 4). All other pending motions filed by Plaintiff are **DENIED AS**

11

**MOOT**. (ECF Nos. 6, 9, 13, 20, 27, 30, 36, 37, 41). The action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

                                       s/ Algenon L. Marbley
                                      **ALGENON L. MARBLEY**
**DATED:  August 21, 2018**        **UNITED STATES DISTRICT JUDGE**